1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7    NICOLE COBARRUBIA,                    Case No.  4:19-cv-07899-KAW
8                    Plaintiff,            **PRETRIAL CONFERENCE
9         v.                               TENTATIVE RULINGS**
10   JEFFERY EDWARDS,
11                   Defendant.
12
13   **I.    PLAINTIFF'S OBJECTIONS TO THE JOINT PRETRIAL STATEMENT**
14        On August 31, 2021, Plaintiff filed an objection to the joint pretrial statement. (Dkt. No.

15   87.)  Plaintiff is now objecting to facts that were identified as being undisputed in the joint pretrial

16   statement that Plaintiff's counsel, DeWitt M. Lacy, signed. (*See id.* at 3-4; *cf.* Joint Pretrial

17   Statement, "JPS," Dkt. No. 65 at 3-4, 16.)  Since Plaintiff's counsel agreed those facts were

18   undisputed on August 24, 2021, the Court is inclined to overrule all objections, which includes the

19   fact that Plaintiff is precluded from recovering damages connected to any injuries from the

20   distraction blows because she abandoned that claim in connection with the motion for summary

21   judgment.  The Court notes that these facts were deemed undisputed in the amended summary

22   judgment order, filed on February 25, 2021 (Dkt. No. 56).

23                          **II.    MOTIONS IN LIMINE**

24        Relevant evidence is any evidence that has any tendency to make a fact that is of

25   consequence to the determination of the action more or less probable than it would be without the

26   evidence.  Fed. R. Evid. 401.  The Court has discretion to "exclude relevant evidence if its

27   probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the

28   issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative

United States District Court
Northern District of California

evidence."

| MIL | Motion | Ruling | Reason/Explanation |
|---|---|---|---|
| **P₁** | **To exclude Defendant's expert Don S. Cameron** | **DENIED** | Defendant opposes. Mr. Cameron is a general use of force expert, which includes the training and methodology on deploying a K9 as one of several uses of force. Plaintiff fails to identify how, if at all, Mr. Cameron's testimony should be limited. |
| **P₂** | **To exclude Defendant's unretained expert Dave Reaver** | **DENIED** | Defendant opposes. Defendant timely disclosed Mr. Reaver, and provided sufficient information regarding his anticipated testimony. Plaintiff could have taken his deposition but declined to do so despite having sufficient time to seek court intervention to compel the deposition if necessary. |
| **P₃** | **To exclude evidence of prior bad acts of Plaintiff Nicole Cobarrubia** | **GRANTED IN PART; DENIED IN PART** | Defendant opposes. While Plaintiff has failed to identify all prior bad acts that she seeks to exclude, the prejudicial value of most convictions generally outweighs the probative value. Since the deputies knew of Plaintiff's propensity to arm herself with various weapons, the Court is inclined to only exclude those unrelated acts prior to December 4, 2017 that were <u>unknown</u> to Defendant at the time of the incident. Defendant should be prepared to identify which Rule 404(b) exception permits the inclusion of the 2016 incident. The Court is not inclined to exclude that Plaintiff was on probation for being a felon in possession of ammunition.<br><br>The parties are ordered to meet and confer regarding a list of prior bad acts that would be subject to exclusion and shall submit a stipulation of prior bad acts that they agree are subject to exclusion by **Tuesday, September 14, 2021.** |
| **P₄\*** <br> (* labeled **P₃**) | **Technology in the Courtroom: Permit medical providers to testify via Zoom** | **DENIED** | Defendant opposes. Plaintiff does not identify which medical providers are seeking to testify via Zoom, and the Court is inclined to deny blanket |

2

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | | permission to testify remotely for failure to show good cause or compelling circumstances under Federal Rule of Civil Procedure 43(a). |

| | | | |
|---|---|---|---|
| $D_1$ | **To exclude evidence or testimony of unrelated acts or incidents, lawsuits or complaints against Defendant, the County or other law enforcement entities** | **GRANTED** | Plaintiff does not oppose.  Introduction of complaints and allegations of misconduct may also present a hearsay issue. Evidence pertaining to the Black Lives Matter movement and the killings of Oscar Grant, George Floyd and others have no relevance to the instant case and create a risk of undue prejudice. |
| $D_2$ | **To exclude or limit evidence, testimony or argument for undisclosed damages; particularly special damages, lost wages and lost earning capacity** | **GRANTED** | Plaintiff does not oppose.  Rule 37 permits the exclusion of information at trial that was not properly disclosed under Rule 26. |
| $D_3$ | **To limit or exclude the testimony of Plaintiff's expert Ernest Burwell** | **GRANTED IN PART** | Plaintiff opposed. Mr. Burwell's expert report is replete with improper opinions. He is only permitted to testify regarding the reasonableness of the duration of the bite hold after Plaintiff battered the K9, and how police K9s are typically used. He may testify as to a bite hold's typical effect on a suspect. He may not provide unsubstantiated opinions regarding the use of K9s that may reflect negatively on their use by law enforcement. He may not opine regarding the lawfulness of the initial bite, the extent of Plaintiff's injuries or whether she was resisting arrest or otherwise committing a crime during the entire bite hold. He also may not testify regarding whether the distraction blows were justified. He may not furnish a legal opinion. |
| $D_4$ | **To preclude evidence, testimony or argument related to post-incident review by the County of Alameda** | **GRANTED** | Plaintiff does not oppose. Introduction of post-incident review evidence, testimony, and argument is excluded by Federal Rules of Evidence 403 and 407. |

| **D₅** | **To preclude Reptile/Golden Rule arguments, evidence and testimony** | **DENIED** | Plaintiff opposes. While the parties should refrain from engaging in improper argument, the Court will not categorically prohibit this particular trial strategy or form of argument. |
|---|---|---|---|

### III.    EVIDENTIARY ISSUES

#### A.    Objections

Defendant raises two objections to Plaintiff's witnesses, and four objections to 11 of Plaintiff's exhibits. (Def.'s Obj., Dkt. No. 88.)  Specifically, Defendant seeks to completely exclude the testimony of Gregg Stutchman, who was not disclosed and for whom an expert report was never provided; and to limit the testimony of Dr. Amber Jones, the emergency room physician who treated Plaintiff immediately following the incident. *Id.* at 1.  Defendant also seeks to exclude the following exhibits: 2) the International Association of Chiefs of Police's ("IACP") Model Policy for Law Enforcement Interactions with Canines; 3) IACP's Model Policy for Law Enforcement Canines; 6) Alameda County Sheriff's Office General Order 5.34 ("Canine Program"); 7) Alameda County Sheriff's Office General Order 1.05 ("Use of Force"); 12) Stutchman Video (the digitally enhanced excerpt of Defendant's body-worn camera footage); 13) California Commission on Peace Officer Standards and Training ("POST") Learning Domain 1: Leadership, Professionalism, and Ethics; 14) POST Learning Domain 3: Policing in the Community; 15) POST Learning Domain 5: Introduction to Criminal Law; 16) POST Learning Domain 15: Laws of Arrest; 17) POST Learning Domain 16: Search and Seizure; and 18) POST Learning Domain 23: Crimes in Progress. *Id.* at 3-8.

The Court is inclined to sustain most, if not all of the objections, so Plaintiff should be prepared to discuss at the pretrial conference.

#### B.    Exhibits

The Court is committed to reducing any unnecessary time spent in the courtroom, so the parties are ordered to meet and confer regarding stipulating to the admission of any exhibits to which they do not object.

//

United States District Court
Northern District of California

## IV.    VERDICT FORM

### A.    *Heck* Bar issue

Plaintiff objects to Defendant's proposed verdict form on the grounds that it is a "backdoor attempt to reinsert the *Heck* Doctrine/Bar, which this Court has determined to be inapplicable." (Dkt. No. 86 at 4.)  This is a misstatement of the Court's summary judgment order, which clearly found that the initial bite and the duration of the bite prior to Plaintiff's battery of the K9 to be barred by *Heck.* (Dkt. No. 56 at 11-12, 13.)  The jury is tasked with determining if and when Plaintiff stopped resisting arrest, and whether the duration of the bite was excessive under the circumstances.

### B.    Draft Verdict Form

The parties submitted separate proposed verdict forms. After reviewing the parties' submissions, the Court has attached a draft form as Attachment A.  The parties should be prepared to discuss the proposed form at the pretrial conference.

## V.    JURY INSTRUCTIONS

The parties submitted joint proposed jury instructions, and Defendant submitted additional proposed instructions to which Plaintiff did not agree. (Joint Jury Instructions, Dkt. No. 72; Def.'s Proposed Jury Instructions, Dkt. No. 73.)  Plaintiff did not propose any additional instructions but did file objections to Defendant's proposed instructions. (Pl.'s Obj., Dkt. No. 85.)  The Court will address the jury instructions at the pretrial conference, and is also inclined to advise the jury on unconscious bias, which is attached as Attachment B.

## VI.    PROPOSAL TO BIFURCATE

While Defendant did not file a formal motion, the Court intends to deny Defendant's proposal to bifurcate the trial into liability and damages phases. (JPS at 16.)  Since Plaintiff is not entitled to present evidence of special damages and is precluded from introducing damages related to the distraction blows, it is likely not economical or efficient to bifurcate the trial the trial into two distinct phases.

## VII.    COVID PRECAUTIONS

In light of the ongoing pandemic, the undersigned is committing to keeping the jurors, the

parties, counsel, and court staff as safe as possible.  The parties should be prepared to discuss the ability to pivot to a hybrid Zoom trial should there be a positive COVIID-19 case or exposure.

Universal masking in the courtroom and courthouse will be required, but the parties should also be prepared to discuss other COVID-related issues, including the vaccination status of counsel, the parties, and witnesses, and what other precautions may be taken to keep everyone safe.

Finally, all persons entering the courthouse are required to review the Northern District's "COVID-19 Pre-screening Questionnaire," available online at *https://www.cand.uscourts.gov/wp-content/uploads/clerks-office/CAND-COVID-19-Pre-Screening-Questionnaire_8-2-2021.pdf*, and attached hereto as Attachment C.  Anyone experiencing any listed symptoms, including fever or cold-like symptoms, is not permitted to enter the courthouse.  If this happens, the parties are directed to notify the courtroom deputy at kawcrd@cand.uscourts.gov.

IT IS SO ORDERED.

Dated: September 13, 2021

_____
KANDIS A. WESTMORE
United States Magistrate Judge

1

**ATTACHMENT A – DRAFT VERDICT FORM**

2

3          WE, THE JURY in the above-entitled action, unanimously find as follows on the questions

4    submitted to us:

5

6          1.     Did Plaintiff Nicole Cobarrubia cease resisting the deputies' attempts to handcuff

7    her before Defendant Jeffery Edwards disengaged the K9 from biting her arm?

8                              YES _____          NO _____

9    *If you answered "Yes," proceed.  If you answered "No," skip the remaining questions and sign*

10   *and date this form.*

11

12         2.     Has Plaintiff Cobarrubia proven by a preponderance of the evidence that Defendant

13   Edwards's use of the K9 during the limited timeframe (beginning after Plaintiff was bitten and

14   stopped striking the K9 and concluding when the K9 released its bite hold) was objectively

15   unreasonable in light of the facts and circumstances?

16                             YES _____          NO _____

17   *If you answered "Yes," proceed.  If you answered "No," skip the remaining questions and sign*

18   *and date this form.*

19

20         3.     Has Plaintiff Cobarrubia proven by a preponderance of the evidence that

21   Defendant Edwards's conduct was the cause of her injury?

22                             YES _____          NO _____

23   *If you answered "Yes," proceed.  If you answered "No," skip the remaining questions and sign*

24   *and date this form.*

25

26   Damages

27         4.     What is the total amount of damages suffered by Plaintiff Nicole Cobarrubia?  In

28   determining an award of damages, you must consider whether, and to what extent, Plaintiff has

United States District Court
Northern District of California

7

failed to mitigate her damages.

$_____

*Proceed to Question No. 5.*

     5.     What percentage of Plaintiff Cobarrubia's damages were incurred before she ceased striking the K9 and/or resisting the deputies' attempts to handcuff her?

     Injuries before Plaintiff ceased resisting     _____ %

     Injuries after Plaintiff ceased resisting     _____ %

     Total injuries     100 %

*Proceed to Question No. 6.*

     6.     Has Plaintiff Cobarrubia proven that Defendant Edwards's conduct was malicious, oppressive, or in reckless disregard of Plaintiff's constitutional rights?

     YES _____     NO _____

*If you answered "Yes," proceed.  If you answered "No," skip the remaining questions and sign and date this form.*

     7.     What amount, if any, do you award to Plaintiff Cobarrubia as punitive damages?

$_____

Dated: _____     _____

     Presiding Juror

United States District Court
Northern District of California

**ATTACHMENT B - UNCONSCIOUS BIAS JURY INSTRUCTION**

We all have feelings, assumptions, perceptions, fears, and stereotypes about others.  Some biases we are aware of, and others we might not be fully aware of, which is why they are called implicit or unconscious biases.  No matter how unbiased we think we are, our brains are hard-wired to make unconscious decisions.  We look at others and filter what they say through our own personal experience and background.  Because we all do this, we often see life and evaluate evidence in a way that tends to favor people who are like ourselves, or who have had life experiences like our own.  We can also have biases about people like ourselves. One common example is the automatic association of male with career and female with family. Bias can affect our thoughts, how we remember what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors, you are being asked to make an important decision in the case.  You must one, take the time you need to reflect carefully and thoughtfully about the evidence.

Two, think about why you are making the decision you are making and examine it for bias.  Reconsider your first impressions of the people and the evidence in this case.  If the people involved in this case were from different backgrounds, for example, richer or poorer, more or less educated, older or younger, or of a different gender, gender identity, race, religion or sexual orientation, would you still view them, and the evidence, the same way?

Three, listen to one another.  You must carefully evaluate the evidence and resist, and help each other resist, any urge to reach a verdict influenced by bias for or against any party or witness.  Each of you have different backgrounds and will be viewing this case in light of your own insights, assumptions and biases.  Listening to different perspectives may help you to better identify the possible effects these hidden biases may have on decision making.

And four, resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or unconscious biases.

The law demands that you make a fair decision based solely on the evidence, your individual evaluations of that evidence, your reason and common sense, and these instructions.

United States District Court
Northern District of California

9

**ATTACHMENT C – COVID-19 PRE-SCREENING QUESTIONNAIRE**

The court is taking precautions and requiring each person who enters a courthouse to review this pre-screening questionnaire before leaving home to come to the courthouse. This questionnaire is for your review and self-evaluation only and does not need to be printed or submitted to the court.

**If you answer Yes** to any of the below:

And you are a **case participant**, contact the courtroom deputy clerk for the case.
And you are an **empaneled juror**, contact the courtroom deputy clerk for the case.
And you are a **prospective juror**, contact the Jury Office.
And you are an **employee**, contact your supervisor or your judge.

1. Are you currently experiencing, or have you experienced in the past 48 hours, any of the following symptoms?

| | | |
|---|---|---|
| Fever (temperature of 100.4 F or higher) | Yes | No |
| Cough | Yes | No |
| Sore throat | Yes | No |
| Runny or stuffy nose | Yes | No |
| New loss of taste or smell | Yes | No |
| Nausea or vomiting | Yes | No |
| Diarrhea | Yes | No |

2. In the last two weeks, have you or a member of your household tested positive for COVID-19?

    Yes          No

3. Have you or a member of your household been told by a medical or governmental professional to self-isolate today due to COVID-19?

    Yes          No

4. Are you or a member of your household currently in self-isolation awaiting COVID-19 test results? (Answer "no" if the test is due to travel plans only.)

    Yes          No